**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**JULIO C. AGUIRRE,**

      **Petitioner,**

**-vs-**                                                   **Case No. 6:07-cv-861-Orl-19KRS**

**JAMES C. MCDONOUGH,**

      **Respondent,**

## ORDER

This case comes before the Court on the following:

1. Petition under 28 U.S.C. Section 2254 for Writ of Habeas Corpus by Person in State Custody (Doc. No. 4, filed May 30, 2007); and

2. Response of State to Petition (Doc. No. 14, filed Nov. 29, 2007).

### Background

Petitioner Julio Ceasar Aguirre was charged by information with trafficking in 200 grams or more of methamphetamine. (App. A.) On March 9, 2006, his counsel filed a motion in limine to exclude certain incriminating statements Aguirre had made to the police after his arrest. (App. B.) The trial court granted the motion in part and denied it in part. (App. F.) Several weeks later, Aguirre entered into a negotiated plea agreement in which he agreed to plead no contest to the lesser included offense of trafficking in methamphetamine greater than 28 grams. (App. C.) In return, the State agreed to recommend a sentence of seven years in prison. (*Id.*) Aguirre was then adjudicated guilty and sentenced accordingly. (App. E, G.) He did not appeal.

Aguirre now petitions for a writ of habeas corpus, alleging that the incriminating statements made to the police after his arrest were elicited by a police officer who was not properly trained to translate Spanish. (Doc. No. 4; Doc. No. 4-2 at 2.) Aguirre contends that this method of interrogation violated the Fourteenth Amendment. (Doc. No. 4-2 at 2-5.) The State filed a response in which it argues that Aguirre has procedurally defaulted his claim due to his failure to file a direct appeal.[1] (Doc. No. 14 at 3-5.)

## Standard of Review

One procedural requirement set forth in the AEDPA precludes federal courts, absent exceptional circumstances, from granting habeas relief unless the petitioner has "exhausted" all means of available relief under state law. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-22 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). Specifically, the AEDPA provides, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B) (i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

---

[1] The State also maintains that Aguirre did not seek post-conviction relief prior to filing this petition, but Aguirre contends that he filed a petition for writ of habeas corpus in the Fourteenth Judicial Circuit Court of Florida. (Doc. No. 14 at 2; Doc. No. 4 at 3.)

The exhaustion limitation[2] takes two specific forms: (1) federal courts must dismiss claims that have been denied on "adequate and independent procedural grounds under state law"; and (2) federal courts cannot consider claims that are not exhausted but would be clearly barred if returned to state court. *Vining v. Crosby*, No. 6:04-cv-1092-Orl-31DAB, 2007 WL 3024100, at *3 (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). The United States Supreme Court has observed that "Congress surely meant that exhaustion be serious and meaningful." *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992). In addition, the Court has explained that these limitations are "grounded in concerns of comity and federalism." *Coleman*, 501 U.S. at 730-31.

Procedural default will be excused only in two narrow circumstances. First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both "cause" for the default and actual "prejudice" resulting from the default. "To establish 'cause' for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999). To establish "prejudice," a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003) (citations omitted).

---

[2] In the habeas corpus context, the failure to exhaust is sometimes given the separate name of "procedural default." *Woodford v. Ngo*, --- U.S. ---, 126 S. Ct. 2378, 2387 (2006). It is not uncommon for courts to use these terms interchangeably. *See id.*

The second exception, known as the "fundamental miscarriage of justice," only occurs in an extraordinary case, where a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). In addition, "'[t]o be credible,' a claim of actual innocence must be based on [new] reliable evidence not presented at trial." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup*, 513 U.S. at 324).

**Analysis**

It is undisputed that Aguirre did not appeal his conviction. (Doc. No. 4 at 2; Doc. No. 14 at 2.) Thus, Aguirre has failed to exhaust his state court remedies within the meaning of 28 U.S.C. section 2254(b)(1).

Moreover, Aguirre has not presented the Court with reason to excuse his procedural default. Aguirre does not allege excuse in his Petition, and he has not filed a reply to the State's Response.[3] Nor is excuse apparent on the face of the record. Although Aguirre does not appear to be fluent in English, he was represented by an attorney during the proceedings, and there is no evidence suggesting that he had "cause" for failing to appeal.

---

[3] The Court gave Aguirre thirty days from December 7, 2007 to file a reply. (Doc. No. 18, filed Dec. 7, 2007.) He did not file a reply or otherwise respond to the Court's order.

(*See* App. B; App. C.)  Further, nothing in the record suggests that Aguirre is "actually innocent."

Accordingly, the Petition lacks merit.  Because the time for direct appeal has run and Aguirre's claims will therefore be barred in state court, the Petition must be dismissed with prejudice.  *Coleman*, 401 U.S. at 735 n.1.

**Conclusion**

The Petition under 28 U.S.C. Section 2254 for Writ of Habeas Corpus by Person in State Custody (Doc. No. 4, filed May, 30, 2007) is **DISMISSED** with prejudice.  The Clerk is directed to enter judgment in favor of Respondent and close the case file.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on March _12_, 2008.

*[signature]*

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record
Unrepresented Party